IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CV-59-BO

| | |
|---|---|
| SIRSI CORPORATION, *doing business* | ) |
| *as* SIRSIDYNIX, | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | )    O R D E R |
| | ) |
| CRAVEN-PAMLICO-CARTERET | ) |
| REGIONAL LIBRARY SYSTEM, | ) |
|       Defendant. | ) |

This cause comes before the Court on cross-motions for summary judgment. A hearing
was held on the matters before the undersigned on August 15, 2013, at Raleigh, North Carolina.
For the reasons discussed below, defendant's motion for summary judgment is granted and
plaintiff's motion for summary judgment is denied.

## BACKGROUND

On February 3, 2009, representatives from Sirsi Corporation (Sirsi) and Craven-Pamlico-
Carteret Regional Library System (CPC Regional) discussed CPC Regional's needs with respect
to library management tools. At the time of this conversation, CPC Regional was using a Sirsi
product and requested a quote on transitioning to another Sirsi product, called the Symphony
system. Two days later, Sirsi provided the quote to CPC Regional. On April 27, Sirsi and CPC
Regional entered into a Master Software License and Services Agreement ("Master Agreement"),
which provided CPC Regional a limited, non-exclusive, personal, non-transferable license to use
the Symphony software in its libraries. Sirsi also agreed to provide implementation,
maintenance, and upgrading services related to the new software. In exchange for the license and

services provided by Sirsi, CPC Regional agreed to pay $146,844.80 over the three-year term of the Master Agreement. CPC Regional contends that the Master Agreement was represented by Sirsi as a way for CPC Regional to "lock in" a price for the Symphony system, and that it was not intended to be a binding contract for services. After signing the Master Agreement, CPC Regional notified Sirsi that it would require a delay in implementation due to budgetary restraints. Sirsi agreed to the delay.

In its subsequent attempts to proceed with implementation, Sirsi alleges that CPC Regional failed to respond to Sirsi's requests or pay the amounts due under the Master Agreement. In late 2009, CPC Regional entered into an agreement with OCLC to use its library management system software. In November 2010, the Director of CPC Regional contacted Sirsi to terminate their working relationship in light of CPC Regional's contract with OCLC. On February 14, 2011, Sirsi notified CPC Regional that it was in breach of the Master Agreement and requested that it cure the breach.

Sirsi filed its complaint in this Court on April 15, 2011, alleging claims of breach of contract and breach of implied duty of good faith and fair dealing. CPC Regional answered the complaint and filed counterclaims on June 16, 2011. By order filed September 30, 2011, the Court denied CPC Regional's motion to dismiss. On February 27, 2013, CPC Regional stipulated to the dismissal of its counterclaims. Both parties thereafter moved for summary judgment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

2

56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

Raising the argument for the first time in its motion for summary judgment, CPC Regional contends that any contract between Sirsi and itself is unenforceable due to the lack of an executed pre-audit certificate as required by North Carolina General Statute § 159-28(a).

Under North Carolina law, regional library systems are administered under the same provisions as units of local government. 07 N.C. Admin. Code 02I.0306. N.C. Gen. Stat. section 159-28(a) is therefore applicable, and provides that:

> If an obligation is evidenced by a contract or agreement requiring the payment of money or by a purchase order for supplies and materials, the contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection unless the obligation or a document related to the obligation has been approved by the Local Government Commission, in which case no certificate shall be required. . . . An obligation incurred in violation of this subsection is invalid and may not be enforced.

It is undisputed that the Master Agreement lacks a pre-audit certificate, nor was it approved by

3

the Local Government Commission. It would appear, therefore, that the Sirsi's contract with CPC Regional is invalid and unenforceable. *See Data Gen. Corp. v. Cnty of Durham*, 143 N.C. App. 97, 103 (2001). "[I]n the absence of a valid contract, a state entity may not be subject to contractual liability." *Id.* at 102.

Sirsi contends that, because payment on the contract was not due within the first fiscal year, § 159-28(a) is inapplicable. *See Myers v. Town of Plymouth*, 135 N.C. App. 707 (1999). The master agreement clearly states, however, that "100% of total for services and first year subscription fees under this ordering form due on the date of initial live use" [DE 49-1 at 75]. Insofar as Sirsi relies on an alleged oral agreement to defer payment of funds until after the first fiscal year, Beach. Dep. at 103:11-25; Ex. 8, the Master Agreement also states that "No modification of this Agreement will be binding unless in writing and signed by an authorized representative of each party." Beach Dep. Ex. 3; [DE 49-1 at 69]. Accordingly, pursuant to the terms of its own agreement, which Sirsi argues is a binding and valid contract, any verbal or unexecuted agreement to delay to terms of payment are not enforceable.

Sirsi's further contends that CPC Regional's omission of a "defense" under § 159-28(a) in its answer amounts to waiver. However, in its answer CPC Regional did plead that it denied that a valid contract existed between the parties [DE 6 ¶ 14]. At least one North Carolina court has found that the same is sufficient to raise a defense under § 159-28(a) at the summary judgment stage. *L&S Leasing, Inc. v. City of Winston-Salem*, 122 N.C. App. 619, 621 (1996). Other North Carolina courts have treated the satisfaction of the pre-audit certificate requirement as a pleading requirement. *See Cincinnati Thermal Spray, Inc. v. Pender Cnty*, 101 N.C. App. 405, 408 (1991). Moreover, Sirsi was presumed to have knowledge of the pre-audit certificate

4

requirement, as it is a matter of public record, and therefore may not rely on an argument of estoppel to circumvent demonstrating that § 159-28(a) has been satisfied. *Data General*, 143 N.C. App. at 104. Therefore, where a plaintiff has failed to plead that the requirements of § 159-28(a) have been satisfied, and a defendant has demonstrated that the requirements of § 159-28(a) were in fact not satisfied, a breach of contract action cannot lie and summary judgment for CPC Regional is appropriate.

Sirsi's request to amend its complaint at this stage to include claims against CPC Regional's officers and employees under § 159-28(e) must be denied. While penalties may be assessed against employees of local government who incur obligations in violation of § 159-28, such employee would only be liable for sums actually committed or dispersed. N.C. Gen. Stat. § 159-28(e). No money has been dispersed by CPC Regional to Sirsi under the Master Agreement, nor have any sums been actually committed as there is no valid contract between CPC Regional and Sirsi. *See Cabarrus Cnty v. Systel Bus. Equip. Co., Inc.*, 180 N.C. App. 690 *4 (2006) (unpublished). Sirsi's requested amendment would therefore be futile.

In the absence of a valid contract, CPC Regional is also entitled to judgment as a matter of law on Sirsi's claim of breach of implied duty of good faith and fair dealing inherent in every contract. *See Weyerhaeuser Co. v. Godwin Bldg. Supply Co., Inc.*, 40 N.C. App. 743, 746 (1979) (emphasis added) ("a basic principle of contract law that a party who enters into an *enforceable* contract is required to act in good faith"); *see also Data General*, 143 N.C. App. at 248 (in the absence of a valid contract, government entity deemed not to have waived its sovereign immunity from suit). As CPC Regional is entitled to summary judgment in its favor on each of Sirsi's claims, Sirsi's motion for summary judgment must be denied.

5

## CONCLUSION

Accordingly, for the foregoing reasons, CPC Regional's motion for summary judgment [DE 47] is GRANTED and Sirsi's motion for summary judgment [DE 52] is DENIED. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this **27** day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 4:11-cv-00059-BO   Document 61   Filed 09/30/13   Page 6 of 6